UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BAUDELIO GARCIA-JIMENEZ,<br><br>  Petitioner,<br><br>v.<br><br>ICE FIELD OFFICE DIRECTOR,<br><br>  Respondent. | NO. C15-820-RSL-JPD<br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

Petitioner Baudelio Garcia-Jimenez, proceeding *pro se*, filed a habeas petition pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention by U.S. Immigration and Customs Enforcement ("ICE") and seeking either release from immigration detention or a bond hearing.[1]  Dkt. 4.  Petitioner also filed a motion for humanitarian parole, which presents an alternative legal theory for his release due to medical issues.  Dkt. 11.

Respondent has filed a motion to dismiss, arguing that the habeas petition should be denied because petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a) and has already received two individualized bond redetermination hearings before an Immigration Judge ("IJ").

---

[1] Petitioner has a second habeas petition pending.  *See Garcia-Jimenez v. ICE*, No. 15-821-RSL-BAT (W.D. Wash.).

REPORT AND RECOMMENDATION - 1

Dkt. 14.  Respondent also filed a response opposing petitioner's motion for humanitarian parole.  Dkt. 16.  Petitioner did not file a response to the motion to dismiss or a reply in support of his motion for humanitarian parole.

Having considered the submissions of the parties, the balance of the record, and the governing law, the Court recommends that petitioner's motion for humanitarian parole be DENIED, respondent's motion to dismiss be GRANTED, petitioner's habeas petition be DENIED, and this action be DISMISSED with prejudice.

## BACKGROUND

Petitioner, a native and citizen of Mexico, entered the United States at or near San Ysidro, California, on an unknown date without being admitted or paroled.  *See* Dkt. 15-1 at 3.  In October 1989, his status was adjusted to that of Lawful Permanent Resident.  *Id.*  In October 2008, petitioner was convicted of "Lewd Acts with a Child under 14 Years" and was sentenced to eight years in prison.  *Id.* at 3, 5-18.

ICE encountered petitioner in May 2014 at the California Substance Abuse Treatment Facility in Corcoran, California, and arranged for him to be transferred directly from state to ICE custody upon his release.  *Id.* at 3.  On or about July 14, 2014, petitioner was transferred to ICE custody.  *See* Dkt. 15-1 at 19; Dtk. 15-2 at 3, 6.  He was served with a Notice to Appear, charging him with removability under 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony under 8 U.S.C. § 1101(a)(43)(A), a law relating to murder, rape, or sexual abuse of a minor, and § 1101(a)(43)(F), a crime of violence.  Dkt. 15-2 at 1-4.  ICE also made the initial custody determination to detain petitioner.  Dkt. 15-2 at 6.

Petitioner requested a bond redetermination hearing before an IJ, and received such a hearing on August 26, 2014.  Dkt. 15-2 at 10, 12.  The IJ denied bond, finding that petitioner

REPORT AND RECOMMENDATION - 2

presents a danger to the community and a flight risk. *Id.* at 12. Petitioner did not appeal the adverse bond determination to the Board of Immigration Appeals ("BIA").

Petitioner requested a second bond redetermination hearing, and received that hearing on September 26, 2014. Dkt. 15-2 at 14; Dkt. 15-3 at 3. The IJ denied bond, finding that petitioner presented no new facts and that he remained a danger to the community based on his 2008 conviction. Dkt. 15-3 at 3. Again, petitioner did not appeal to the BIA.

Petitioner is scheduled for a merits and bond hearing on August 31, 2015. Dkt. 18-1.

## DISCUSSION

A. <u>Petitioner's motion for humanitarian parole</u>

Petitioner asks the Court to release him on humanitarian parole because his continued detention is not in the public interest and he has a serious medical condition that needs attention. Dkt. 11 at 1, 3. Petitioner's request is based on 8 U.S.C. § 1182(d)(5)(A), which provides in relevant part: "The Attorney General may . . . in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States . . . ." *Id.*; *see also* 8 C.F.R. § 212.5. The applicable statutory and regulatory provisions vest full discretion for humanitarian parole in the Attorney General, the Secretary of the Department of Homeland Security ("DHS"), and various DHS officials. *See* 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(a). Therefore, the Court does not have jurisdiction to grant petitioner the parole he seeks. *See United States v. Leal-Del Carmen*, 697 F.3d 964, 975 (9th Cir. 2012) ("[T]he federal government had exclusive authority to parole [an alien lacking a lawful immigration status] into the country . . . .") (citing 8 U.S.C. § 1182(d)(5)(A)); *Hassan v. Chertoff*, 593 F.3d 785, 789-90 (9th Cir. 2008) (whether to grant or revoke parole is decided by the Attorney General or certain DHS officials); *Acosta v. United*

REPORT AND RECOMMENDATION - 3

*States*, No. C14-420 RSM, 2014 WL 2216105, at *4 n.1 (W.D. Wash. May 29, 2014) (court lacked authority to grant parole under 8 U.S.C. § 1182(d)(5)(A)); *United States v. Li*, No. CV-12-482-PHX-DGC, 2013 WL 6729895, at *2 (D. Ariz. Dec. 19, 2013) (there is no authority under which the court could compel the Attorney General to grant humanitarian parole). Petitioner's motion should be denied.

B.      <u>Respondent's motion to dismiss</u>

Title 8 U.S.C. § 1226 provides the framework for the arrest, detention, and release of aliens, such as petitioner, who are in removal proceedings. 8 U.S.C. § 1226; *see also Demore v. Kim*, 538 U.S. 510, 530 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process."). Section 1226(a) grants the Attorney General discretionary authority to determine whether an alien should be detained, released on bond, or released on conditional parole pending the completion of removal proceedings, unless the alien falls within one of the categories of criminal aliens described in § 1226(c), for whom detention is mandatory. 8 U.S.C. § 1226.

When an alien is arrested and taken into immigration custody pursuant to § 1226(a), ICE makes an initial custody determination, including the setting of bond. *See* 8 C.F.R. § 236.1. After the initial custody determination, the alien may request a bond redetermination by an IJ. *Id.* If the IJ denies bond, the alien may appeal to the BIA. 8 C.F.R. § 236.1. Once an IJ has made an initial bond redetermination, an alien's request for a subsequent bond redetermination must be made in writing and must show that the alien's circumstances have changed materially since the prior bond redetermination. 8 C.F.R. § 1003.19(e).

At the bond hearing, the burden is on the detainee to show to the satisfaction of the IJ that he warrants release on bond. *See Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006). In making a bond decision under § 1226(a), an IJ "must consider whether an alien who seeks a

REPORT AND RECOMMENDATION - 4

change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006) (citing *Matter of Patel*, 15 I&N Dec. 666 (BIA 1976)).  An IJ may also consider any number of discretionary factors, including:  (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee persecution or otherwise escape authorities, and (9) the alien's manner of entry to the United States.  *Id.*

      Because petitioner's removal proceedings are ongoing, his continued detention is governed by § 1226(a).  As required by the regulations, petitioner received a bond hearing before an IJ.  He also requested and received a second bond hearing where the IJ found no material change in his circumstances from his initial hearing and thus held him at no bond based on his felony conviction.  Petitioner fails to establish any constitutional or legal error in his bond hearings.  To the extent he seeks to challenge the IJ's discretionary judgment, the Court is without jurisdiction to consider his claims.  *See* 8 U.S.C. § 1226(e); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) ("alien may appeal the IJ's bond decision to the BIA, *see* 8 C.F.R. § 236.1(d), but discretionary decisions granting or denying bond are not subject to judicial review, *see* § 1226(e)").  At this point in his removal proceedings, petitioner has received all of the benefits of due process to which he is entitled.  His habeas petition should be denied.

REPORT AND RECOMMENDATION - 5

## CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's motion for humanitarian parole, Dkt. 11, be DENIED; respondent's motion to dismiss, Dkt. 14, be GRANTED; petitioner's habeas petition, Dkt. 4, be DENIED; and this action be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **September 17, 2015**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 18, 2015.**

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 27th day of August, 2015.

*James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge